FILED

2012 AUG 27 AM 10: 38

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

John E. Russell (Cal. Bar No. 175,899)
**ALLMARK TRADEMARK**
2089 Avy Avenue
Menlo Park, CA 94025
Telephone: (650) 233-2789
Fax: (650) 233-2791
Email: john@allmarktrademark.com
*Attorney for Plaintiff*

**Steven L. Rinehart (Utah Bar #11,494)
**FETZER SIMONSEN & BOOTH, P.C.**
50 West Broadway, Suite 1200
Salt Lake City, UT 84101
Telephone: (801) 328-0266
Mobile: (801) 347-5173
Facsimile: (801) 665-1292
Email: steve@mountainwestlaw.com
*Attorney for Plaintiff*

**Pro Hac Vice Application Forthcoming*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| MATTHEW CROWDER, an individual;<br><br>               Plaintiff,<br>vs.<br><br>HEAVY LIFTING, LLC, a California limited liability company;<br><br>               Defendant. | **COMPLAINT**<br><br>Judge:<br><br>Case No. **CV12-7328** ODW (AGR) |

1

COMES NOW the Plaintiff Matthew Crowder, by and through counsel undersigned, and for cause of action against the Defendant Heavy Lifting, LLC, and hereby alleges and claims as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1. The Plaintiff Matthew Crowder ("Crowder") is an individual domiciled in the State of New Mexico, and the holder of a valid and subsisting US trademark on the expression IDEA SMART before the US Patent and Trademark Office (USPTO).

2. The domain name <ideasmart.com> (the "Disputed Domain") is a generic top-level Internet domain name (gTLD), situated in the United States of America, and subject to jurisdiction in the courts of the United States in this action under the Anticybersquatting Consumer Protection Act (ACPA). 15 U.S.C § 1125(d).

3. The Defendant Heavy Lifting, LLC ("Heavy Lifting") is a limited liability company organized under the laws of the State of California, with its principal place of business in Venice, California; which, upon information and belief, serially cybersquats on tens of thousands of gTLDs. A business detail report from the California Secretary of State for Heavy Lifting is attached hereto as **Exhibit A**.

4. Defendant Heavy Lifting is subject to specific *in personam* jurisdiction before the Court.

5. This Court has jurisdiction over the subject matter of this action pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125 *et seq.*, and 28 U.S.C. §§ 2201 - 2202. This Court also has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a); and under Utah Code Ann. § 78-27-24 (1996) through Fed R. Civ. P. 4(K)(1)(A).

6. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b), and under 15

U.S.C. §§ 1125.

## II.     PRELIMINARY STATEMENT

7.     The Defendant Heavy Lifting is the registrant of the Disputed Domain (<ideasmart.com>), which the Defendant last registered on February 27, 2012. The Defendant has never made bona fide use of the Disputed Domain, which resolves only to a generic parked page where it is presumably for sale. The Defendant's registration and use of the Disputed Domain is unlawful under the Anticybersquatting Consumer Protection Act (ACPA) and also constitutes infringement of the Plaintiff's registered trademark on IDEA SMART. The Defendant refuses to allow the Plaintiff to reflect its registered trademark in the domain name.

## III.     GENERAL ALLEGATIONS

*Crowder's Background*

8.     The Plaintiff Crowder is the owner of a valid and subsisting US trademark on the expression IDEASMART, US Reg. No. 4041831 (the "Mark") which Mark the Plaintiff has been using in commerce since early 2011 to maintain an online platform where third-parties and can view and rate the ideas of others. The TESS detail for the Plaintiff's trademark is attached hereto as **Exhibit B**.

9.     The Defendant Heavy Lifting is the registrant of the Disputed Domain, which has a legal registration date of February 27, 2012 under the ACPA as manifest by the WHOIS detail report attached hereto as **Exhibit C**.

10.     The Defendant Heavy Lifting is a serial cybersquatter, maintaining, upon information and belief, between 10,000 and 100,000 domain names for eventual resale.

3

11. Since early 2011, the Plaintiff has invested heavily in marketing his business model using the Mark IDEASMART, including spending thousands of dollars on graphic design, programming, and marketing, including banner advertising, search engine optimization, and performance improvements to the Plaintiff's website.

12. The Plaintiff faithfully followed the laws and regulations of its trade, seeking trademark protection before the US Patent and Trademark Office (USPTO).

13. The Plaintiff has been unable to reflect his Mark in the Disputed Domain, which the Defendant has offered to sell to the Plaintiff for $25,000. The Plaintiff now stands to lose, without the Disputed Domain, notoriety and good will associated with the Mark which the Plaintiff has and stands otherwise to grow.

14. Upon information and belief, the Defendant has been named in numerous US lawsuits and arbitrative actions as a cyberpirate.

15. Individuals and other entities have come to recognize the Plaintiff's Mark as the distinctive identifier that it is.

16. The Defendant renewed the registration of the Disputed Domain in 2012, effectively re-registering the Disputed Domain in which the Plaintiff has rights after the Plaintiff's rights accrued.

17. This dispute is properly within the scope of the ACPA. Confusing similarity is self-manifest. The Disputed Domain wholly encompasses the Mark in which Plaintiff has rights.[1]

18. The Defendant has no rights or legitimate interest in the Disputed Domain as the Defendant has registered and is using the Disputed Domain in bad faith.

---

[1] Legal authority considers the gTLD to be irrelevant to its Policy ¶ 4(a)(i) analysis. *See Trip Network Inc. v. Alviera*, FA 914943 (Nat. Arb. Forum Mar. 27, 2007) (concluding that the addition of a gTLD, whether it be ".com," ".net," ".biz," or ".org," is irrelevant to a Policy ¶ 4(a)(i) analysis).

19. The Defendant is using the Disputed Domain for its own commercial gain, attempting to resale it and/or derive Google Adsense revenue from it, and is therefore not making legitimate noncommercial, or fair use of the Disputed Domain under the ACPA.

20. The Defendant has not been commonly known by the Disputed Domain, and the Defendant has acquired no trademark or service mark rights in the Disputed Domain or the Plaintiff's Mark prior to notice of this dispute. The Defendant has not carried on any legitimate business at Disputed Domain prior to notice of this dispute.

21. The Defendant re-registered the Disputed Domain with knowledge that the Plaintiff had trademark rights in the Disputed Domain.

22. The Defendant's registration of the Disputed Domain is an attempt to prevent the Plaintiff from reflecting its Mark in the Disputed Domain, and to unlawfully extract money from the Plaintiff and/or steal the identity and banking information of the Plaintiff's users. As such, Defendant's registration and use of the Disputed Domain is not legitimate.

23. The Defendant's unlawful conduct has and will damage the Plaintiff through the loss of customers, profits, business, and good will – as well as by damage to the Plaintiff's reputation and the Mark itself.

24. It is now incumbent upon this Court to decide the rights of the parties, and from the Court the Plaintiff prays for a decision transferring the Disputed Domain to the Plaintiff.

### FIRST CAUSE OF ACTION
### TRADEMARK INFRINGEMENT

25. The Plaintiff realleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

26. The Plaintiff has registered trademark rights in the Mark IDEASMART, and has exclusive rights to use of the Mark.

27. The Plaintiff has never authorized, licensed, or otherwise permitted the Defendant to use the Mark.

28. The Disputed Domain wholly incorporates the Mark, and is confusingly similar thereto.

29. The Defendant maintains a website resolved to by <ideasmart.com> which makes use of the Mark.

30. By refusing to turn over the Disputed Domain, the Defendant is attempting to profit and capitalize on the intellectual property rights and substantial good will developed by Crowder.

31. There is likelihood of public confusion, and actual public confusion, as to the identities of, or relationship between, the Defendant and Crowder.

32. The Defendant is using, and intends to continue to use, the Mark online via the Disputed Domain.

33. The Defendant has, is, and will continue to use the Mark with intent to confuse and/or cause initial interest confusion to Crowder's customers, and the public at large.

34. The Defendant is willfully infringing upon Crowder's intellectual property with knowledge of the Mark.

35. Internet traffic to the Disputed Domain constitutes individuals initially interested and lured to the Disputed Domain by the Defendant's use of the Plaintiff's Mark.

36. As a result of the Defendant's infringement under 15 U.S.C. § 1114, Crowder has been injured and is entitled to damages, including but not limited to, Crowder's lost profits

from the lost use of the Disputed Domain, actual damages to be determined at trial, statutory damages, and costs and attorney fees.

## SECOND CAUSE OF ACTION
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

37. The Plaintiff realleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

38. Crowder's intellectual property (IP), comprising the Mark, is the product of creativity and imagination.

39. The Mark is distinctive and famous.

40. The Defendant has made infringing use of the Mark after it has became famous.

41. The Defendant's use of the Mark in commerce has caused dilution of the Mark.

42. The Defendant's use of the Mark has weakened the unique association of the Mark with Crowder.

43. As a result of the Defendant's dilution under 15 U.S.C. § 1125(c), Crowder has suffered harm. The Defendant's dilution of the Crowder's IP has caused Crowder to suffer damages, including but not limited to, lost profits, lost of reputation, the cost of suit and attorney fees.

44. Crowder is entitled to damages to be determined in trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT
## UNDER 15 U.S.C. § 1125(d)

45. The Plaintiff incorporates and realleges all of the foregoing paragraphs as if fully set forth herein.

46. This is a claim pursuant to 15 U.S.C. § 1125(d), the Anticybersquatting Consumer Protection Act ("ACPA"), seeking damages and the transfer of the Disputed Domain.

47. Crowder has registered trademark rights wholly incorporated by the Disputed Domain.

48. Crowder has trademark rights to which the Disputed Domain is identical.

49. The Defendant registered, and is using, the Disputed Domain with the bad faith intent to profit from the Mark, including the name by which Crowder is commonly known.

50. The Disputed Domain name incorporates the Mark, in which Crowder has trademark rights.

51. The Defendant has not made prior use of the Disputed Domain in connection with a bona fide offering of goods or services.

52. The Defendant has intended to divert consumers from Crowder to the advertisements accessible at the Disputed Domain which harm Crowder's goodwill in the Mark.

53. Upon information and belief, the Defendant is attempted to resell the Disputed Domain, and has a bad faith intent to profit from the Mark.

54. Crowder has been damaged extensively as a result of the Defendant's unlawful conduct.

55. The Defendant's actions have caused Crowder to lose sales.

56. Under the ACPA, Crowder is entitled to statutory damages of up to $100,000 against Defendant.

57. Crowder is further entitled to transfer of the Disputed Domain, actual damages to de determined at trial, treble damages, and cost of suit and attorney fees.

## FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT

58. The Plaintiff incorporates all of the foregoing paragraphs as if fully set forth herein.

59. The Plaintiff conferred a benefit upon the Defendant in form of the Disputed Domain which domain is valuable because of the value ascribed to it by the Plaintiff.

60. The Defendant benefited unjustly from the Plaintiff by retaining these benefits without compensation from the Plaintiff.

61. The Defendant appreciated and had knowledge that the Plaintiff had conferred upon it these benefits.

62. Under the circumstances established herein, it would be inequitable to allow the Defendant to retain the benefits Plaintiff has conferred upon it without payment to Plaintiff of the value of said benefits.

63. The Defendant has been unjustly enriched and is liable to the Plaintiff for an amount to be proven in trail.

## IV.    PRAYER FOR RELIEF

WHEREFORE, on the above claims, the Plaintiff prays for judgment against the Defendant as follows:

1. That Defendant, its agents, officers, partners, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or participation with Defendant, an each and all of them, be permanently enjoined from:

   (a) Further use of the Disputed Domain <ideasmart.com>;

   (b) Committing any act that dilutes, or is likely to dilute, the distinctiveness of Crowder's IP;

   (c) Committing any act that is likely to create the impression that Defendant's business, products or domains are in anyway sponsored by, approved of, or otherwise affiliated or connected with Crowder;

(d) Selling, importing, manufacturing, distributing, circulating, advertising, promoting, or displaying any product, domain or service using Crowder's Mark; and

(e) Instructing, assisting, or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph and its subparagraphs.

2. That Defendant and its agents, their agents, officers, partners, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or participation with Defendant, an each and all of them, be ordered to:

(a) Deliver to Crowder the Disputed Domain;

(b) Pay compensatory damages to Crowder for injuries sustained as a consequence of the acts complained of;

(c) Pay statutory damages to Plaintiff of $100,000 for Defendant's violation of the ACPA;

(d) Pay all of Crowder's costs, attorney fees, and litigation expenses in recovering the Disputed Domain;

(e) Pay interest to Crowder, including pre-judgment interest on the foregoing sums; and

(f) File with this Court and serve on Crowder an affidavit setting forth in detail the manner and form of Defendant's compliance with the terms of this Court's orders.

3. That, in light of Defendant's previous unwillingness to comply with the transfer order of the NAF (Exhibit B), VeriSign, a U.S. corporation in Virginia which controls all gTLD domain name registrations, be ordered to:

(a) Strip Defendant of the Disputed Domain by transferring the registration of the Disputed Domain from Defendant's hosting account with the registrar eName to the hosting account of Plaintiff;

4. For any other such relief as the Court may deem necessary.

DATED AND SIGNED this 21 day of August, 2012.

/s/
JOHN RUSSELL
*Attorney for the Plaintiff*

**DEFENDANT'S ADDRESS:**

Heavy Lifting, LLC
320 Sunset Avenue
Venice, California 90291

Registered Agent:
Charles Mason
1632 Crescent Place
Venice, California 90291

EXHIBIT A



California Secretary of State Debra Bowen

Business Programs

## Business Entities (BE)

Online Services
- Business Search
- Disclosure Search
- E-File Statements
- Processing Times

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Annual/Biennial Statements**

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- Business Resources
- Tax Information
- Starting A Business
- International Business
  Relations Program

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

## Business Entity Detail

Data is updated weekly and is current as of Friday, July 20, 2012. It is not a complete or certified record of the entity.

| | |
|---|---|
| | HEAVY LIFTING, LLC |
| | 200806010240 |
| | 02/29/2008 |
| | ACTIVE |
| | CALIFORNIA |
| | 320 SUNSET AVE |
| | VENICE CA 90291 |
| | CHARLES MASON |
| | 1632 CRESCENT PL |
| | VENICE CA 90291 |

\* Indicates the information is not contained in the California Secretary of State's database.

\* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

Privacy Statement | Free Document Readers
Copyright © 2012   California Secretary of State

# EXHIBIT B




# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Jul 26 05:20:46 EDT 2012*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# IDEASMART

| | |
|---|---|
| **Word Mark** | IDEASMART |
| **Goods and Services** | IC 038. US 100 101 104. G & S: Online bulletin board service where users can view and rate the ideas of others as well as contribute their own ideas on a variety of topics. FIRST USE: 20110220. FIRST USE IN COMMERCE: 20110308 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85271375 |
| **Filing Date** | March 18, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | August 2, 2011 |
| **Registration Number** | 4041831 |
| **Registration Date** | October 18, 2011 |
| **Owner** | (REGISTRANT) Crowder, Matthew INDIVIDUAL UNITED STATES 8400A Menaul Blvd. NE #157 |

Albuquerque NEW MEXICO 87112

**Attorney of Record**    Raj Abhyanker

**Type of Mark** SERVICE MARK

**Register**    PRINCIPAL

**Live/Dead Indicator**    LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT C

  


# DomainTools

ideasmart.com    Whois Search ⌄    Search

Open a FREE Account | Log in | Help

More Domains
Reverse Whois
History Details
Get Notified
Trademark Monitor
Screenshot History

Whois > ideaSmart.com

## ideaSmart.com Whois Record

Web by Google

**Call Center Support Jobs** Full-Time Positions Are Available In Our Local Call Center Apply Now! www.JobsAtXerox.com/ELCJobs

**MS Outlook 2010 - $49.99** Full version. Not student edition. Academic price. Order today! www.CostCaptain.com

**Job Openings** Search For Job Openings. Apply For a Position Today! www.findthenightjob.com

**Free K-12 School At Home** Give Your Child A Better Education. Accredited. No Tuition. Enroll Now! www.ConnectionsAcademy.com

**Administration Jobs** We Have The Tools You Need & The Administration Jobs You Want. www.Monster.com

Tweet    Like

### Japanese Speaking Jobs
1 hg# | rxu#Lklqj xd#
Mlsdqhvh#ln#eilk:kk#
Hlsdghvh#nln#uxdqj# #
frp sdq |

### ITT Tech - Official Site
4 3 3#. #Drfdwkrqv#. #
R qdlh#Sur j# rp vi#
V s#Hgd##Hllwh## lk v
U h#w#Lqj Lr#
x c x j w h q# x z x

### Aflac® Insurance Jobs
Q r#Wddv#H| shulhqf h#
Uht x hhg#H] uhdv#
Uhz dug v#Wd#qk| r# #
Wr rol

### Job Application - Hiring
Izxqg v#R shq#Rev#Gq#
| rxu#Lhd# hr hz | dz#
Hrev#i#lhv## hhg#Lq# z| #
Xd rqphy qhh#
hp w#hp r re

### Employment Opportunities
Lhqhz fddhp sor | p hq#
r ssrr uxeq# v#Wh#du#
| rxu#fld h#rd#j | #rkw#
Qr h d#| rp rhr# r:
hp v#hr rq s#d| rkw

### At Home Jobs Online
W r#n 3 #r# k mk r #r#
F kr r vh# r x# v z v#
R ssr r u# x#nk |# z z
r h q#n#hhr r h l
x cr| j#h#z r:

### Free K12 High School
R qdl#Sseed W#Okrrdj | #
dw#rp hk ljp:#N 4 5 s#
4 3 3 { #lx#Lhrg#Lhh$
x x z #x z r

### Hauling Jobs Available
V hdufk### 3 3 # v r#
D y di o# h # r x# x d y d

Whois Record    Visual Builder    Registrant History    Screenshot History    Shared IP(s)

Reverse Whois:  Domain Administrator owns about 431,085 other domains

Email Search:  info@heavylifting.com is associated with about 2,162 domains

Registrar History:  2 registrars

NS History:  15 changes on 12 unique name servers over 9 years.

IP History:  37 changes on 29 unique IP addresses over 7 years.

Whois History:  59 records have been archived since 2005-01-23

Reverse IP:  1,118,559 other sites hosted on this server.

Log in or Create a FREE account to start monitoring this domain name



WHOIS FOR WINDOWS USERS    FREE LOOKUP TOOL    Get It NOW    DomainTools



ideasmart.com

Image Supplied By DomainTools.com

Domain Name: IDEASMART.COM
Registrar: MONIKER

Registrant [26301]:
    Domain Administrator  info@heavylifting.com
    HeavyLifting, LLC
    320 Sunset Ave
    Venice
    CA
    90291
    US

Administrative Contact [26301]:
    Domain Administrator  info@heavylifting.com
    HeavyLifting, LLC
    320 Sunset Ave
    Venice
    CA
    90291
    US
    Phone: +1.2539819528
    Fax:   +1.3106912030

Billing Contact [26301]:
    Domain Administrator  info@heavylifting.com
    HeavyLifting, LLC
    320 Sunset Ave
    Venice
    CA
    90291
    US
    Phone: +1.2539819528
    Fax:   +1.3106912030

Technical Contact [26301]:
    Domain Administrator  info@heavylifting.com
    HeavyLifting, LLC
    320 Sunset Ave
    Venice
    CA
    90291
    US
    Phone: +1.2539819528


GRAB YOUR .PL DOMAIN FOR ONLY 3 EUR


FIND THE WEB ADDRESS YOU REALLY WANT.

**Country TLDs**  Jinghai#@o. v

Available domains for registration

| | |
|---|---|
| ideaSmart.at | Register |
| ideaSmart.bg | Register |
| ideaSmart.ch | Register |
| ideaSmart.cn | Register |
| ideaSmart.co.uk | Register |
| ideaSmart.de | Register |
| ideaSmart.dk | Register |
| ideaSmart.es | Register |
| ideaSmart.fr | Register |
| ideaSmart.in | Register |

Register All Selected >     Show all (16) >


Vxevfulwvbrq#hhv/#hh#

Vbqlx #

／丁 b7xkzthr

## Online MBA Degree

Hduq#,rxul@ #D#kqdlh#

JjRqd##R,hdd#rxwnv#

Vxdwd#rrq/#dhhq,r#

qra.$

／丁 U 入 丁 入 丁 入

Fax:   +1.(1049)12000

Domain servers in listed order:

BUY.INTERNETTRAFFIC.COM
SELL.INTERNETTRAFFIC.COM

Record Created on:      2004-03-06 14:11:00.0
Database last updated on: 2017-02-27 09:21:14.25
Domain Expires on:      201*-03-06 14:11:00.0

Backorder This Domain

Whois Lookup

abcdefghijkmnopqrstuvwxyz0123456789 

Membership | Developer API | About Us | Blog | Domain Tools | Reverse Whois | Privacy | Support | Careers | Contact Us | Site Map

© 2012 DomainTools, LLC All rights reserved.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 7328 ODW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | |
|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Matthew Crowder, an individual

**DEFENDANTS**
Heavy Lifting, LLC, a California limited liability company;

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
John E. Russell, Allmark Trademark, 2089 Avy Avenue, Menlo Park, CA 94025 (650-233-2798); Steven L. Rinehart, Fetzler, Simonsen & Booth, P.C., 50 W. Broadway, Suite 1200, Salt Lake City, UT, 84101, (801-665-1292)

**Attorneys** (If Known)
Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) Trademark Infringement under 15 U.S.C. 1114; (2) Trademark Dilution under 15 U.S.C. 1125(c), Violation of the ACPA, under 15 U.S.C. 1125(d); (Unjust Enrichment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV12-7328**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Mexico |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note</u>: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date <u>08/21/2012</u>

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)