O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORP., <br><br>　　　　　　Plaintiff, <br>　　v. <br>SHOESCANDAL.COM, LLC; and DOES 1–10, inclusive, <br><br>　　　　　　Defendants. | Case No. 12-cv-7328 ODW(SHx) <br><br>**ORDER FOR SUPPLEMENTAL BRIEFING RE PROFITS** |

　　　On August 23, 2013, Deckers filed a renewed request for an award of damages under 35 U.S.C. § 289, following a default judgment against Defendant ShoeScandal. (ECF No. 28.)  The Court denied the initial request for damages because the evidence of ShoeScandal's profits was too speculative. (ECF No. 27.)  In the renewed request, Deckers has offered evidence of ShoeScandal's revenue from sales of the infringing boots, however, the Court requires evidence regarding how much profit Shoescandal.com generated to be able to rule on Deckers' motion.

　　　Under 35 U.S.C. § 289, a design-patent infringer is "liable to the owner to the extent of his total profit, but not less than $250." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1439 (Fed. Cir. 1998); 35 U.S.C. § 289.  Under normal circumstances, "[t]he infringer has the burden of offering a fair and acceptable formula for allocating

a given portion of overhead to the particular infringing items in issue." *Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd.*, 311 B.R. 378, 401 (S.D.N.Y. 2004) aff'd, 153 F. App'x 703 (Fed. Cir. 2005).  But in a default action, where the infringer has failed to produce any profit evidence, the Court must still look to some sort of evidence of its profits in order to properly determine the costs to be subtracted from revenue.  *See Nike*, 138 F.3d at 1447.

Upon entry of default, the factual allegations in the complaint are accepted as true —except for those pertaining to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987).  "Plaintiff is required to prove all damages sought in the complaint." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).  If the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *Cripps v. Life Ins. Co. of N. America,* 980 F.2d 1261, 1267 (9th Cir. 1992).  Fundamental fairness, required by the due process of law, limits the scope of relief.  *See* U.S. Const. amend. XIV.

Deckers seeks ShoeScandal's profits from the sale of the infringing products under § 289.  Thus, Deckers must prove up ShoeScandal's profits that it is claiming.  Thus far, Deckers has failed to produce any evidence of ShoeScandal's profits.  While Plaintiff's burden in proving up damages is relatively lenient, *Philip Morris,* 219 F.R.D. at 498, the Court cannot permit ShoeScandal's profits to be established by default in the absence of any evidence.  In order to resolve this action, Deckers must provide the Court with some admissible evidence regarding ShoeScandal's profits.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

In determining damages, a court can rely on the declarations submitted by Plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The Court therefore **ORDERS** Plaintiff to file a supplemental brief by **October 25, 2013**, offering some evidence—such as a declaration by an expert regarding ShoeScandal's profits based on the revenue report provided by Deckers—of what ShoeScandal's profits actually were.

**IT IS SO ORDERED.**

September 26, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**